CRICHTON, J.,
additionally concurs assigns reasons:
hi agree with the Court’s decision to deny the writ application regarding this close issue and write separately to highlight the deference appellate courts give to a trial judge’s finding of contempt under La. C.C.P. art. 21. In this case, defense counsel used a wig during his closing argument to demonstrate the impossibility of the victim being dragged by her hair. The trial judge found defense counsel in contempt of court. In her written reasons, the trial judge observed that “[n]o attempt was made to use the wig demonstratively, other than to look ridiculous” and that defense counsel was “clearly mimicking, mocking and belittling the alleged victim.” See December 5, 2016 Per Curiam, State v. Dixon, (No. 16-K-670) (attached hereto). While zealous and passionate advocacy is commendable, especially in closing argu-. ment of a criminal jury case, it must be within the bounds of appropriate decorum established by law and the Rules of Professional Conduct. Because the trial judge observed this behavior, in my view, she was in the best position to determine whether defense counsel crossed that line, see generally La. C.Cr.P. art. 21(A), and engaged in contemptuous behavior.
| ¡.Attachment
*698 [[Image here]]
*699 [[Image here]]